AG:MFS/KKO/TMS
F.#2007R00761

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    - against -<br><br>COURTNEY BECKFORD,<br>    also known as "Mark,"<br>    "Gabriel" and "Cort,"<br>GABE BEIZEM,<br>MALACHI BURRIS,<br>    also known as "Mark,"<br>SAMUEL BURRIS,<br>    also known as "Jackie,"<br>RAWL DAVIS,<br>    also known as "Roy,"<br>KEVIN EASTON,<br>LENNOX LAMBERT,<br>    also known as "Dred,"<br>MARSHA MONTAYNE,<br>SAUL SERRANO,<br>RON SHEALEY and<br>ROHAN STEWART,<br>    also known as "Mark" and<br>    "Pete,"<br><br>        Defendants. | <u>I N D I C T M E N T</u><br><br>Cr. No. _____<br>(T. 18, U.S.C.,<br>§§ 981(a)(1)(C),<br>1028A(a)(1), 1028A(b),<br>1028A(c)(5), 1341, 1343,<br>1349, 2 and 3551 <u>et</u><br><u>seq</u>.; T. 21, U.S.C. §<br>853(p); T. 28, U.S.C. §<br>2461(c)) |

- - - - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

### INTRODUCTION

        At all times relevant to this Indictment, unless otherwise indicated:

<u>The Victim Companies</u>

        1.    AT&T Inc. ("AT&T") and T-Mobile USA, Inc. ("T-Mobile") were companies providing customers with wireless voice

and data services, among other services. In connection with their wireless services, AT&T and T-Mobile provided customers with wireless devices such as cellular telephones ("cell phones") and personal digital assistants ("PDAs"). To facilitate the servicing of customers and their accounts, AT&T and T-Mobile allowed authorized dealers to access and update customer information via Internet-based databases. AT&T's database was called "POS.com" and T-Mobile's database was called "iCAM."

2. Asurion Protection Services, LLC ("Asurion") was an insurance company that offered wireless device insurance coverage to customers of AT&T and other wireless communication service companies.

Private and Commercial Interstate Mail Carriers

3. Federal Express ("FedEx"), DHL and United Parcel Service of America, Inc. ("UPS") were private and commercial interstate mail carriers providing express mail services.

The Fraudulent Scheme

4. Between approximately February 1, 2005 and July 24, 2009, as part of a scheme and artifice to defraud AT&T, T-Mobile, Asurion and their customers, the defendants fraudulently obtained over $22 million worth of wireless devices from AT&T and T-Mobile without payment.

5. As part of the scheme to defraud, defendant GABE BEIZEM, an owner of GOT WIRELESS, also known as USA WIRELESS, an

2

authorized AT&T and T-Mobile dealer that operated in Brooklyn, New York, obtained dealer access codes for AT&T's and T-Mobile's online customer databases.

6. As a further part of the scheme to defraud, ROHAN STEWART, the owner of KP WIRELESS, an authorized T-Mobile wireless device dealer operating in West Palm Beach, Florida, obtained dealer access codes for T-Mobile's customer database.

7. As a further part of the scheme to defraud, defendants GABE BEIZEM, ROHAN STEWART and MARSHA MONTAYNE, and other individuals, fraudulently used dealer access codes to obtain existing customer information from AT&T's POS.com customer database and T-Mobile's iCAM customer database, including customers' names, addresses, and personal identifying information.

8. As a further part of the scheme, defendant MARSHA MONTAYNE, and other individuals, fraudulently assumed the identities of existing customers and used various methods to obtain new wireless devices without payment and without the customers' permission, including (1) calling AT&T and T-Mobile, adding new lines of service to existing customers' accounts, and requesting new wireless devices to support the new lines, (2) calling AT&T and T-Mobile, falsely claiming that a wireless device subscribed to an existing customer was damaged or defective and requesting replacement wireless devices, and

(3) calling AT&T and Asurion, falsely claiming that existing customers' wireless devices were lost or stolen and requesting new wireless devices pursuant to AT&T's insurance program with Asurion.

   9. As a result of these fraudulent requests for new wireless devices, AT&T and T-Mobile shipped new or replacement wireless devices for express mail delivery by FedEx, DHL or UPS. FedEx and DHL shipments from AT&T were generally shipped to addresses along the routes of private express mail drivers whom defendants COURTNEY BECKFORD, MALACHI BURRIS, SAMUEL BURRIS, RAWL DAVIS, KEVIN EASTON, LENNOX LAMBERT and ROHAN STEWART, and other individuals, recruited and paid to divert packages. FedEx and DHL drivers, including defendants SAUL SERRANO and RON SHEALEY, then scanned the fraudulent packages into their respective carrier's computerized tracking systems as "delivered" to the stated delivery addresses, but did not deliver them to those addresses, instead diverting the packages in return for payment. As a further part of this scheme to defraud, UPS shipments from T-Mobile were shipped directly to addresses connected to the defendants and their associates.

   10. It was a further part of the scheme to defraud that defendants COURTNEY BECKFORD, GABE BEIZEM, MALACHI BURRIS, SAMUEL BURRIS, RAWL DAVIS and MARSHA MONTAYNE, and other individuals, sold fraudulently obtained wireless devices to

others.

11. It was a further part of the scheme to defraud that, when charges were incurred on the fraudulently obtained devices, the charges were billed to existing AT&T and T-Mobile customers' accounts. When the customers reported or confirmed the fraud on their accounts to AT&T and T-Mobile, AT&T and T-Mobile absorbed the losses, which included the cost of the devices, insurance payments, shipping costs and wireless service and other calling charges.

## COUNT ONE
(Conspiracy to Commit Mail Fraud and Wire Fraud)

12. The allegations contained in paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

13. On or about and between February 1, 2005 and July 24, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants COURTNEY BECKFORD, also known as "Mark," "Gabriel" and "Cort," GABE BEIZEM, MALACHI BURRIS, also known as "Mark," SAMUEL BURRIS, also known as "Jackie," RAWL DAVIS, also known as "Roy," KEVIN EASTON, LENNOX LAMBERT, also known as "Dred," MARSHA MONTAYNE, SAUL SERRANO, RON SHEALEY and ROHAN STEWART, also known as "Mark" and "Pete," together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud AT&T, T-Mobile, Asurion and their customers, and to obtain money and

5

property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, (a) to cause matter to be deposited and to be sent and delivered by private and commercial interstate carriers, and to take and receive matter therefrom, in violation of Title 18, United States Code, Section 1341, and (b) to transmit and cause to be transmitted writings, signs, signals, pictures and sounds by means of wire communication in interstate and foreign commerce, all in violation of Title 18, United States Code, Section 1343.

14. In furtherance of the conspiracy, and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants COURTNEY BECKFORD, GABE BEIZEM, MALACHI BURRIS, SAMUEL BURRIS, RAWL DAVIS, KEVIN EASTON, LENNOX LAMBERT, MARSHA MONTAYNE, SAUL SERRANO, RON SHEALEY and ROHAN STEWART, together with others, committed and caused to be committed, among others, the following:

OVERT ACTS

a. On or about August 1, 2008, defendant MARSHA MONTAYNE made an interstate telephone call to AT&T.

b. On or about September 13, 2008, defendants COURTNEY BECKFORD, MALACHI BURRIS and SAMUEL BURRIS traveled together from John F. Kennedy International Airport in Queens, New York to Jamaica.

        c.    On or about July 17, 2008, defendant RAWL DAVIS spoke by telephone with defendant GABE BEIZEM.

        d.    On or about February 15, 2007, defendant KEVIN EASTON spoke by telephone with JOHN DOE 1, a DHL driver whose identity is known to the Grand Jury.

        e.    On or about October 16, 2007, defendant LENNOX LAMBERT spoke by telephone with JOHN DOE 2, a FedEx driver whose identity is known to the Grand Jury.

        f.    On or about November 21, 2007, defendant MARSHA MONTAYNE spoke by telephone with defendant SAUL SERRANO.

        g.    On or about March 21, 2008, defendant MARSHA MONTAYNE spoke by telephone with defendant RON SHEALEY.

        h.    On or about January 23, 2007, defendant ROHAN STEWART spoke by telephone with defendant RON SHEALEY.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

### COUNTS TWO THROUGH NINE
(Mail Fraud)

15.    The allegations contained in paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

16.    On or about and between February 1, 2005 and July 24, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants

7

COURTNEY BECKFORD, also known as "Mark," "Gabriel" and "Cort," GABE BEIZEM, MALACHI BURRIS, also known as "Mark," SAMUEL BURRIS, also known as "Jackie," RAWL DAVIS, also known as "Roy," KEVIN EASTON, LENNOX LAMBERT, also known as "Dred," MARSHA MONTAYNE, SAUL SERRANO, RON SHEALEY and ROHAN STEWART, also known as "Mark" and "Pete," together with others, did knowingly and intentionally devise a scheme and artifice to defraud AT&T, T-Mobile, Asurion and their customers, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice and attempting to do so, did cause to be deposited matter to be sent and delivered by private and commercial interstate carrier and did take and receive matter therefrom, as set forth below:

| Count | Defendant(s) | Approx. Date | Carrier | Description | From | To |
|---|---|---|---|---|---|---|
| 2 | BECKFORD | 11/28/07 | FedEx | 12 packages containing wireless devices | AT&T | 512 New Jersey Avenue, Brooklyn, New York; 472, 471 and 481 Hinsdale Street, Brooklyn, New York; 728 Georgia Avenue, Brooklyn, New York; 574 and 561 Vermont Street, Brooklyn, New York; 311 Sheffield Avenue, Brooklyn, New York; 565 and 682 Schenck Avenue, Brooklyn, New York; and 600 New Lots Avenue, Brooklyn, New York |
| 3 | BEIZEM | 4/7/08 | UPS | 1 package containing a wireless device | T-Mobile | 1227 E. 69th Street, Brooklyn, New York |
| 4 | SHEALEY LAMBERT DAVIS | 11/9/07 | FedEx | 4 packages containing wireless devices | AT&T | 82 Crooke Avenue, Brooklyn, New York; and 190 E. 21st Street, Brooklyn, New York; |
| 5 | M. BURRIS SERRANO | 8/1/08 | FedEx | 4 packages containing wireless devices | AT&T | 241 and 245 E. 91st Street, Brooklyn, New York; and 138 and 256 E. 96th Street, Brooklyn, New York |
| 6 | S. BURRIS | 5/13/08 | FedEx | 1 package containing a wireless device | AT&T | 22 E. 13th Street, New York, New York |
| 7 | MONTAYNE SHEALEY | 11/23/07 | FedEx | 4 packages containing wireless devices | AT&T | 82 and 145 E. 18th Street, Brooklyn, New York |
| 8 | EASTON | 2/15/07 | DHL | 17 packages containing wireless devices | AT&T | 151, 215, 225, 240, 245, 349 and 357 Wortman Avenue, Brooklyn, New York |

| Count | Defendant(s) | Approx. Date | Carrier | Description | From | To |
|---|---|---|---|---|---|---|
| 9 | STEWART SHEALEY | 1/23/07 | Fedex | 16 packages containing wireless devices | AT&T | 687 Ocean Avenue, Brooklyn, New York; 2102, 2104, 2114 and 2120 Albermarle Terrace, Brooklyn, New York; 2114 2120 and 2123 Kenmore Terrace, Brooklyn, New York; 62 Marlborough Road, Brooklyn, New York; 219 E. 17th Street, Brooklyn, New York; 7, 25, 58 and 100 Woodruff Avenue, Brooklyn, New York; and 1715 Caton Avenue, Brooklyn, New York |

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

## COUNTS TEN THROUGH TWELVE
(Wire Fraud)

17. The allegations contained in paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

18. On or about and between February 1, 2005 and July 24, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GABE BEIZEM, MARSHA MONTAYNE and ROHAN STEWART, also known as "Mark" and "Pete," together with others, did knowingly and intentionally devise a scheme and artifice to defraud AT&T, T-Mobile, Asurion

10

and their customers, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, writings, signs, signals, pictures and sounds by means of wire communication in interstate and foreign commerce, as set forth below:

| COUNT | DEFENDANT | APPROX. DATE | DESCRIPTION |
|---|---|---|---|
| 10 | MONTAYNE | 8/1/08 | Interstate telephone call to AT&T |
| 11 | STEWART | 2/9/09 | Transmission of computer signals via the Internet to and from T-Mobile's iCAM database |
| 12 | BEIZEM | 4/2/09 | Transmission of computer signals via the Internet to and from T-Mobile's iCAM database |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

### COUNT THIRTEEN
(Aggravated Identity Theft)

19. The allegations contained in paragraphs 1 through 11, 13 through 14, 16 and 18 are realleged and incorporated as if fully set forth in this paragraph.

20. On or about and between February 1, 2005 and July 24, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GABE BEIZEM, MARSHA MONTAYNE and ROHAN STEWART, also known as "Mark" and "Pete," together with others, during and in relation to the crimes charged in Counts One through Twelve, did knowingly and

intentionally transfer, possess and use, without lawful authority, means of identification of other persons, to wit: AT&T and T-Mobile customers whose identities are known to the Grand Jury, knowing that the means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH TWELVE

21. The United States hereby gives notice to the defendants charged in Counts One through Twelve that, upon their conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, including but not limited to approximately $22 million in United States currency, for which the defendants are jointly and severally liable.

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

        (b)   has been transferred or sold to, or deposited with, a third party;

        (c)   has been placed beyond the jurisdiction of the court;

        (d)   has been substantially diminished in value; or

        (e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

*William Weber*
FOREPERSON

---

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: *[signature]*
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

13

# INFORMATION SHEET

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

1. Title of Case:  United States v. Courtney BECKFORD, et al.

2. Related Magistrate Docket Number(s): _____
   None (X)

3. Arrest Date:  TBD

4. Nature of offense(s):  ☒  Felony
                          ☐  Misdemeanor

5. Related Cases - Title and Docket Nos. (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules):
   _____

6. Projected Length of Trial:   Less than 6 weeks   (  )
                                 More than 6 weeks   (XX)

7. County in which crime was allegedly committed:  Brooklyn

   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Has this information been ordered sealed?   (X) Yes    ( ) No

9. Have arrest warrants been ordered?          (X) Yes    ( ) No

10. Capital count included?                    ( ) Yes    (X) No

BENTON J. CAMPBELL
UNITED STATES ATTORNEY

By:  /s/ 
Karin Orenstein
Assistant U.S. Attorney

Rev. 3/22/01